**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **JOHN JOLIVETTE** | **CASE NO. 6:26-CV-00262** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **BOBBY J GUIDROZ ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

Before the Court is the Motion for More Definite Statement Pursuant to Rule 12(e) filed by Defendants, Hayden Aymond. (Rec. Doc. 12). Plaintiff opposed the Motion (Rec. Doc. 14).

Plaintiff filed this civil rights suit in January 2026 asserting various claims against Sheriff Bobby Guidroz, St. Landry Parish Jail Warden Adam Ford, and security guards, John Smith and Hayden Aymond, individually. He alleges that Smith and Aymond used excessive force while he was incarcerated and disregarded his medical needs. (Rec. Doc. 1).

Defendant Aymond contends Plaintiff's 25 page, 63 paragraph Complaint is deficient because it contains general allegations such as "in the following non-exclusive particulars," "all other acts of negligence, [etc.]," and "any and all other damages"—ubiquitous phrases found in nearly all complaints. Defendants' argument lacks merit. As this Court has explained:

Under Rule 12(e) of the Federal Rules of Civil Procedure, a defendant may move for a more definite statement of a pleading which is so vague or ambiguous that the party cannot reasonably prepare for a response. Although Rule 12(e) motions are an available remedy, motions for more definite statements are generally disfavored because of the liberal pleading standard set forth in Rule 8. Relief under Rule 12(e) is limited to cases where the complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed.

*Boudreaux v. Axiall Corp.,* 564 F. Supp. 3d 488, 506 (W.D. La. 2021) (cleaned up).

Plaintiff's Complaint amply satisfies the Rule 8 standard, which requires only a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The Court is puzzled by the notion that Defendant was so unable to decipher this ordinary civil rights case that he felt a Rule 12(e) motion was warranted. The Court discourages such motions as bordering on frivolous.

Accordingly,

IT IS ORDERED that Defendants' Motion for a More Definite Statement (Rec. Doc. 12) is DENIED.

THUS DONE in Chambers, Lafayette, Louisiana on this 20th day of May, 2026.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

2